PHILIP R. SELLINGER
United States Attorney
ALEX SILAGI
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. 973-353-6001
Fax. 973-297-2010
Email: alex.silagi@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWYERS FOR FAIR RECIPROCAL ADMISSION, <br><br> *Plaintiff,* <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.,* <br><br> *Defendants.* | HON. GERALD A. McHUGH <br><br> *Civil Action No.* 22-2399 (GAM) <br><br> RETURN DATE: September 19, 2022 |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
Attorney for Defendants

*On the brief:*
Alex Silagi
Assistant United States Attorney

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................iii

INTRODUCTION ............................................................................................... 1

BACKGROUND.................................................................................................. 2

     A.    New Jersey and Delaware District Court Local Civil Rules.................... 2

     B.    Plaintiff's Challenge to the Local Rules ............................................ 4

     C.    Plaintiff's Prior Lawsuits and Current Claims.................................... 5

ARGUMENT ...................................................................................................... 9

I.       Plaintiff Lacks Standing to Challenge the Admission Rules.................... 9

II.     No Personal Jurisdiction Over the Out-Of-State Defendants ................ 12

III.    The Complaint Fails to State a Claim for Relief ....................................... 14

     A.    The Court Has Upheld Local Rules Governing Attorney Admission ..... 14

     B.    The Admission Rules Do Not Violate the Separation of Powers (Count 1) ............................................................................................. 16

     C.    The Admission Rules Do Not Infringe the First Amendment (Count 2) 17

     D.    The Admission Rules Do Not Raise Sixth Amendment Concerns (Count 3)........................................................................................... 21

     E.    The Admission Rules Comport with the Rules Enabling Act, the Full Faith and Credit Act, and an Act Governing the Judicial Counsel (Counts 4, 5, 7) ..................................................................................... 22

     F.    The Admission Rules Comport with the Federal Rules of Civil Procedure (Count 6)............................................................................ 24

     G.    The Admission Rules Do Not Infringe Fifth Amendment Rights (Counts 8, 10)...................................................................................... 25

          i.    Equal Protection under the Fifth Amendment ................................. 25

          ii.   Due Process Clause of the Fifth Amendment .................................. 26

     H.    The Admission Rules Are Not Unconstitutional Conditions (Count 9)... 28

CONCLUSION.................................................................................................. 31

## TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.,*
  295 F. Supp. 2d 4002 (D. Del. 2002 ........................................................................ 12

*Blunt v. Lower Merion School Dist.,*
  767 F.3d 247 (3d Cir. 2014) ..................................................................................... 10

*Blye v. Calif. Supreme Court,*
  No.11-5046, 2014 WL 229830 (N.D. Cal. Jan. 21, 2014) ......................................... 6

*Blye v. Kozinski,*
  No.10-2014 (N.D. Cal. 2010), *aff'd,* 466 F. App'x 650 (9th Cir. 2012) ...................... 6

*Chambers v. NASCO, Inc.,*
  501 U.S. 32 (1991) ............................................................................................... 14, 15

*Connelly v. Steel Valley School Dist.,*
  706 F.3d 209 (3d Cir. 2013) ..................................................................................... 25

*Davis v. Fed. Election Comm'n,*
  554 U.S. 724 (2008) .................................................................................................. 10

*DeJames v. Magnificence Carriers, Inc.,*
  654 F.2d 2804 (3d Cir. 1981 ..................................................................................... 13

*Digene Corp. v. Ventana Med. Sys., Inc.,*
  476 F. Supp. 2d 444 (D. Del. 2007) ......................................................................... 24

*Donnelly v. Kole,*
  No. 10-CV-01702 (WHW), 2010 WL 116932722 (D.N.J. July 21, 2010 ................. 13

*Doyle v. Palmer,*
  365 F. Supp. 3d 295 (E.D.N.Y.), *aff'd, 787* F. App'x 794 (2d Cir. 2019). ............... 27

*Frazier v. Heebe,*
  482 U.S. 641 (1987) ..................................................................................... 3, 14, 16

*Fulton v. City of Phila., Penn.,*
  141 S. Ct. 1868 (2021) ........................................................................................ 19, 21

*Giannini v. Comm. of Bar Examiners,*
  847 F.2d 1434 (9th Cir. 1988) .................................................................................... 6

*Giannini v. Real,*
  711 F. Supp. 992 (C.D. Cal. 1989), *aff'd, 911* F.2d 354, 355 (9th Cir.1990) ....... 6, 23

*Hague v. Comm. for Indus. Org.,*
  307 U.S. 496 (1939) .................................................................................................. 28

*Hawes v. Club Ecuestre El Comandante,*
  535 F.2d 140 (1st Cir. 1976) ..................................................................................... 29

*In re Baldwin–United Corp.,*
  770 F.2d 328 (2d Cir. 1985) ..................................................................................... 24

*In re Kensington Int'l Ltd.,*
  368 F.3d 289 (3d Cir. 2004) ..................................................................................... 27

iii

*In re Pawlak*,
    No. 94-211, 1995 WL 723177 (E.D. Pa. Dec. 1, 1995) ......................................... 15, 30

*In re Roberts*,
    682 F.2d 105 (3d Cir. 1982)............................................................... 15, 16, 25, 27, 30

*Janus v. AFSCME*,
    138 S. Ct. 2448 (2018) ..................................................................................... 19, 20

*Lawyers United Inc. v. United States*,
    839 F. App'x 570 (D.C. Cir. 2021) ............................................................... 8, 14, 17

*Lawyers United Inc. v. United States*,
    No. 19-3222, 2020 WL 3498693 (D.D.C. June 29, 2020) ................................. 14, 17

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................................ 10

*Maldonado v. Houstoun*,
    157 F.3d 179 (3d Cir. 1998)..................................................................................... 29

*Matter of Abrams*,
    521 F.2d 1094 (3d Cir. 1975)................................................................................... 15

*Maynard v. U.S. Dist. Court*,
    701 F. Supp. 738 (C.D. Cal. 1988) .................................................................. 27, 29

*McKenzie v. Rehnquist*,
    No.97-1792 (D.D.C. 1997), *aff'd*, 203 F.3d 52 (D.C. Cir. 1999)................................ 6

*Mistretta v. United States*,
    488 U.S. 361 (1989) ................................................................................................ 16

*Morissette v. Yu*,
    21 F.3d 1114 (9th Cir. 1994) .................................................................................... 6

*NAAMJP v. Berch*,
    973 F. Supp. 2d 1082 (D. Ariz. 2013)....................................................................... 6

*NAAMJP v. Castile*,
    799 F.3d 216 (3d Cir. 2015).......................................................... 2, 6, 7, 18, 21

*NAAMJP v. Gonzales*,
    211 F. App'x 91 (3d Cir. 2006) ..................................................................... *passim*

*NAAMJP v. Howell*,
    851 F.3d 12 (D.C. Cir. 2017) .................................................................................... 8

*NAAMJP v. Lynch*,
    826 F.3d 191 (4th Cir. 2016) ...................................................................... 8, 19, 24

*NAAMJP v. Roberts*,
    180 F. Supp. 3d 46 (D.D.C. 2015) .................................................................. 19, 26

*NAAMJP v. Simandle*,
    658 F. App'x 127 (3d Cir. 2016) .................................................................... *passim*

*National Inst. of Family & Life Advocats v. Becerra*,
    138 S. Ct. 2361 (2018) ..................................................................................... 19, 20

*Ohralik v. Ohio State Bar Ass'n*,
    436 U.S. 449 (1978) ................................................................................................ 18

*Paciulan v. George*,
    38 F. Supp. 2d 1128 (N.D. Cal. 1999) ...................................................................... 7

*Paciulan v. George*,
    229 F.3d 1226 (9th Cir. 2000) ............................................................ 6, 7

*Parham v. Johnson*,
    126 F.3d 454 (3d Cir. 1997)................................................................. 21

*Pollack v. Duff*,
    793 F.3d 34 (D.C. Cir. 2015) ............................................................... 29

*Reed v. Town of Gilbert, Ariz.*,
    576 U.S. 155 (2015) .............................................................................. 19

*Reich v. D.M. Sabia Co.*,
    90 F.3d 854 (3d Cir. 1996)................................................................... 20

*Russell v. Hug*,
    275 F.3d 812 (9th Cir. 2002) ......................................................... 18, 19

*State of Nev. v. Watkins*,
    914 F.2d 1545 (9th Cir. 1990) ............................................................. 29

*Supreme Court of N.H. v. Piper*,
    470 U.S. 274 (1985) .............................................................................. 28

*Supreme Court of Va. v. Friedman*,
    487 U.S. 59 (1988) ................................................................................ 28

*Theard v. United States*,
    354 U.S. 278 (1957) .............................................................................. 27

*Tolchin v. S. Ct. of the State of N.J.*,
    111 F.3d 1099 (3d Cir. 1997)......................................................... 29, 30

*United States v. Cooper*,
    750 F.3d 263 (3d Cir. 2014)................................................................. 16

## Statutes

28 U.S.C. § 44 ...................................................................................... 26

28 U.S.C. § 332(d)(4) ........................................................................ 9, 22

28 U.S.C. § 1391(e) ............................................................................... 13

28 U.S.C. § 1654 ........................................................................ 3, 14, 16

28 U.S.C. § 1738 .............................................................................. 9, 22

28 U.S.C. § 2071 ............................................................. 2, 9, 16, 22

28 U.S.C. § 2071(a) .......................................................................... 2, 14

## Rules

D. Del. L. Civ. R. 83.5(b).......................................................... 1, 3, 4, 5, 30

D.N.J. L. Civ. R. 101.1 ............................................................... 3, 25, 30

D.N.J. L. Civ. R. 101.1(b).......................................................... 1, 3, 5, 6, 7

D.N.J. L. Civ. R. 101.1(c) ............................................................................ 3

D.N.J. L. Civ. R. 101.1(j)............................................................................. 3

Fed. R. Civ. P. 1 .............................................................................. 23, 24

Fed. R. Civ. P. 12(b)(1) ................................................................................ 1

Fed. R. Civ. P. 12(b)(2)................................................................. 1, 13, 14

Fed. R. Civ. P. 12(b)(6) ................................................................................... 1

Fed. R. Civ. P. 83 ........................................................................................... 15

Fed. R. Civ. P. 83(a)(1) ............................................................................ 2, 23

Fed. R. Civ. P. 83(b) ...................................................................................... 16

## **INTRODUCTION**

Defendants—the United States, Attorney General Merrick Garland, and federal judges sitting in the District of New Jersey, District of Delaware, the Middle and Eastern Districts of Pennsylvania, and the Third Circuit Court of Appeals sued in their official capacities—move to dismiss the Complaint filed by Plaintiff Lawyers for Fair Reciprocal Admission under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff, an organization of attorneys, challenges the District of New Jersey and District of Delaware's local rules governing bar admission: D.N.J. Local Civil Rule 101.1(b) and D. Del. Local Rule 83.5(b) (together, the "Admission Rules"). These Admission Rules allow admission to attorneys who are admitted to practice before the Supreme Courts of New Jersey and Delaware, respectively.

Plaintiff's Complaint should be dismissed. Plaintiff lacks standing to bring this challenge because it cannot show that any of its members were injured by the Admission Rules. The Complaint does not say who its members are, that any members applied for admission to the Districts of New Jersey or Delaware, or that they would apply but for the Admission Rules. And the only person directly identified in the Complaint, Plaintiff's counsel, is a member of the New Jersey bar. Thus, Plaintiff lacks associational standing to sue on behalf of its anonymous members.

The Complaint also fails to establish personal jurisdiction over the federal judges from the District of Delaware. Those judges do not sit in New Jersey, and the Complaint fails to establish sufficient contacts with the state to establish personal jurisdiction over those defendants.

1

Even if Plaintiff could establish standing and personal jurisdiction over the out-of-state defendants, Plaintiff's Complaint must still be dismissed for failure to state a claim. Plaintiff, through its counsel, is no stranger to this Court or this Circuit. Plaintiff raises various constitutional and statutory claims against the Admission Rules. Yet this Court and the Third Circuit have rejected identical challenges by Plaintiff's counsel—operating through another anti-local-rules organization called the National Association for the Advancement of Multijurisdictional Practice ("NAAMJP")—on three occasions. *See NAAMJP v. Simandle*, 658 F. App'x 127 (3d Cir. 2016)*; NAAMJP v. Castille*, 799 F.3d 216 (3d Cir. 2015); *NAAMJP v. Gonzales*, 211 F. App'x 91 (3d Cir. 2006). These three decisions, and dozens of other identical claims rejected in other districts and circuits, foreclose Plaintiff's claims here.

At bottom, there is ample case law establishing the discretion of district courts to issue local rules regulating attorney admission.  Given this wide-ranging authority, and this circuit's prior decisions rejecting similar challenges to local rules, Plaintiff cannot demonstrate any violation of the many Constitutional and statutory rights it invokes here. The Court should dismiss the Complaint with prejudice.

## <u>BACKGROUND</u>

### A. New Jersey and Delaware District Court Local Civil Rules

Under 28 U.S.C. § 2071, federal district courts have the authority to "prescribe rules for the conduct of their business." 28 U.S.C. § 2071(a). The Federal Rules of Civil Procedure grant the same authority. Fed. R. Civ. P. 83(a)(1) ("[A] district court . . . may adopt and amend rules governing its practice."). This authority includes the power to issue rules that regulate which attorneys may appear as counsel before the court and

may be admitted to the court's bar. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (stating district court's "authority includes the regulation of admissions to its own bar"). Thus, in Section 1654, Congress conferred upon individual federal courts the power to determine, in accordance with each court's respective rules, the membership in the court's bar.

The Districts of New Jersey and Delaware employed this rule-making authority to adopt local rules that govern admission of attorneys to practice before those courts: D.N.J. Local Civil Rule 101.1 and D. Del. Local Civil Rule 83.5 (together, the "Admission Rules").

The D.N.J. Local Civil Rule 101.1 provides:

> Any attorney licensed to practice by the Supreme Court of New Jersey may be admitted as an attorney at law on motion of a member of the bar of this Court, made in open court, and upon taking the prescribed oath and signing the roll.

D.N.J. L. Civ. R. 101.1(b), *available at* www.njd.uscourts.gov/court-info/local-rules-and-orders. An attorney who is not admitted to the New Jersey state bar may apply for permission to appear *pro hac vice* in a particular case, so long as he or she is a member of good standing in another state or federal court and a member of the D.N.J. bar agrees to serve as local counsel. *See id.* at Rule 101.1(c) (describing requirements for *pro hac vice* application and appearance). Rule 101.1(j) states that Rule 101.1 does not apply in criminal cases.

Similarly, the D. Del. Local Civil Rule 83.5 provides:

3

> Any attorney admitted to practice by the Supreme Court of the State of
> Delaware may be admitted to the Bar of this Court on motion of a member
> of the Bar of this Court made in open court and upon taking the
> [prescribed] oath and signing the roll[.]

D. Del. Local Civil Rule 83.5(b), *available at* www.ded.uscourts.gov/local-rules. It also

permits attorneys not admitted to the Delaware state bar to apply to appear *pro hac*

*vice*, provided they practice and are in good standing in another jurisdiction and a

member of the Delaware federal bar serves as local counsel. *See id.* at Rule 83.5(c).

### B. Plaintiff's Challenge to the Local Rules

Plaintiff, a California corporation called Lawyers for Fair Reciprocal

Admission, "is engaged in interstate commerce and advocacy." Compl. ¶ 35.

Curiously, the Complaint does not say what Plaintiff advocates for, but, based on this

lawsuit, Plaintiff appears to oppose local rules governing attorney admission. *See id.*

The Complaint does not admit any connection with the NAAMJP—which brought a

bevy of unsuccessful challenges to the same and similar local rules, as explained in

the next section—but Plaintiff's counsel, Mr. Joseph Robert Giannini, Esq., was also

NAAMJP's counsel in those cases, and this Complaint refers often to NAAMJP's

litigation history. *See, e.g.*, Compl. ¶¶ 4 n.1, 32. Mr. Giannini also appears to

represent yet another advocacy group under the name Lawyers United, Inc., which

has also challenged attorney admission local rules. *See Lawyers United, Inc. v.*

*Roberts,* No. 19-3222, ECF No. 1, Complaint at page 80 (D.D.C.).[1]

---

[1]     NAAMJP and Lawyers United, Inc., also share the same California address as
the office address provided by Mr. Giannini in this case. *Lawyers United*, ECF No. 1,
Complaint at page 1; *Simandle*, ECF No. 1, Complaint at page 2.

In this case, Plaintiff alleges that it "has members and associates who have been deprived of their citizenship rights by the challenged local Rules." Compl. ¶ 36. The Complaint never identifies the precise "challenged local rule," but because it often mentions "attorney admission local Rules" of New Jersey and Delaware, Defendants presume that Plaintiff means to challenge the districts' Admission Rules, respectively Rule 101.1(b) and Rule 83.5(b). *See id.* ¶¶ 3, 13–14.

The Complaint alleges that Plaintiff, "as a consumer of legal services and as an advocate is directly injured by local Rules in the Third Circuit that compel it, and its counsel of choice, to associate and compel it to make payments to mandatory public unions as a condition precedent to exercise federal rights in United States courthouses." *Id.* ¶ 35. The Complaint spends much time arguing that standardized bar examinations are poor markers of attorney competence. *Id.* ¶¶ 42–86. It also argues that all district courts should grant reciprocity to members in good standing of other states' bars, and any court that does not grant 50-state reciprocity "compel[s] all American citizens to associate with a forum state lawyer or forfeit their statutory right to counsel in the United States district Court[.]" *Id.* ¶ 3. As such, Plaintiff claims, the Admission Rules violate various constitutional and statutory rights, such as "the First Amendment, the separation of powers doctrine, Article IV § 2 and Fourteenth Amendment Privileges and Immunities Clauses, including the right to travel, the statutory right to counsel, the statutory right to full faith and credit, Equal Protection and Due Process." *Id.* ¶ 2.

### C. Plaintiff's Prior Lawsuits and Current Claims

For the past thirty years, Plaintiff, its counsel, and its related organizations have "crisscrossed the United States, challenging local bar admission rules." *See Simandle*, 658 F. App'x at 130 (collecting cases dating back to 1987). They have not "succeeded in any of [their] efforts." *Id.*[2]

Plaintiff's challenges have reached the Third Circuit three times, including an unsuccessful trip through this Court, and have been rejected each time. *See id.* (citing *Castille*, 799 F.3d at 216 and *Gonzales*, 211 F. App'x at 91). In *Gonzales*, the Eastern District of Pennsylvania dismissed the complaint brought by NAAMJP and three of its individual members, which alleged that the local rules governing attorney admission of fifty-five federal district courts, including D.N.J. Local Civil Rule 101.1(b), violated the U.S. Constitution, the Rules Enabling Act, and the Federal Rules of Evidence. *See* 211 F. App'x at 93. The Third Circuit affirmed, holding that the plaintiffs lacked standing because they failed to allege an injury in fact caused by

---

[2] *See also Gonzales*, 211 F. App'x at 93 (noting that case attacking rules of 55 federal district courts was "at least the fifth case that the NAAMJP or one of its members has filed challenging court rules that limit the ability of attorneys who have not passed the state bar examination to appear in court"); *Paciulan v. George*, 229 F.3d 1226, 1227 (9th Cir. 2000) (challenging California state *pro hac vice* admission rules); *McKenzie v. Rehnquist*, No. 97-1792 (D.D.C. 1997), *aff'd*, 203 F.3d 52 (D.C. Cir. 1999) (table) (challenging rules of California and other federal district courts); *Morissette v. Yu*, 21 F.3d 1114 (9th Cir. 1994) (table) (challenging California state bar rules); *Giannini v. Real*, 711 F. Supp. 992 (C.D. Cal. 1989), *aff'd*, 911 F.2d 354, 355 (9th Cir. 1990) (challenging California state bar rules and rules of three California federal district courts); *Giannini v. Comm. of Bar Examiners*, 847 F.2d 1434, 1434–35 (9th Cir. 1988) (challenging California state bar rules); *Blye v. Calif. Supreme Court*, No. 11-5046, 2014 WL 229830, at *2 (N.D. Cal. Jan. 21, 2014) (challenging California state bar rules); *NAAMJP v. Berch*, 973 F. Supp. 2d 1082, 1087 (D. Ariz. 2013) (challenging Arizona state bar rules); *Blye v. Kozinski*, No. 10-2014 (N.D. Cal. 2010), *aff'd*, 466 F. App'x 650 (9th Cir. 2012) (raising challenges similar to those in *Paciulan*).

the local rules; that is, plaintiffs alleged only vague conclusions that they were "irreparably injured" and failed to show that they would practice in the Eastern District of Pennsylvania but for the local rules. *Id.* at 95. The court also affirmed the District Court's order enjoining the NAAMJP and its counsel "from filing any further papers with respect to the constitutionality of any jurisdiction's local rules of admission, practice, or procedure in the Eastern District of Pennsylvania without prior leave of Court." *NAAMJP v. Bush*, No. 05-cv-5081, ECF No. 43, slip op. at 9 (E.D. Pa. Mar. 23, 2006). That was the second District to set a pre-filing screening process against Mr. Giannini for claims challenging local rules governing attorney admission. *See also Paciulan v. George*, 38 F. Supp. 2d 1128, 1147 (N.D. Cal. 1999) (enjoining Mr. Giannini "either as an attorney or a party" from filing any case in the Norther District of California "regarding admission to and the regulation of the practice of law in the State of California without first obtaining leave of the Chief Judge" based on "abundant evidence that this case is legally frivolous and was filed for an improper purpose"), *aff'd,* 229 F.3d 1226 (9th Cir. 2000).

NAAMJP and two other individual members then filed *Castille* in the Eastern District of Pennsylvania challenging the Pennsylvania Supreme Court's reciprocal bar admission rule. In a published opinion, the Third Circuit held that the plaintiffs failed to establish violations of the First Amendment, the Privileges and Immunities Clause, or the dormant commerce clause. *Castille*, 799 F.3d at 218.

A year later, the Third Circuit affirmed yet another case brought by NAAMJP and two other individual members challenging D.N.J. Local Civil Rule 101.1(b). *See*

*Simandle*, 658 F. App'x at 130. The panel, relying on *Castille*, rejected the plaintiffs' claims that the local rule violated the Rules Enabling Act, the Supremacy Clause, the First Amendment, and principles of equal protection.

Since then, at least two other Circuit Courts of Appeals have rejected similar challenges brought by Plaintiff's counsel. *See NAAMJP v. Howell*, 851 F.3d 12, 16 (D.C. Cir. 2017) (holding plaintiffs lacked standing to challenge local rules and affirming dismissal on the merits of challenges under Rules Enabling Act, Privileges and Immunities Clause, Full Faith and Credit Clause, and First Amendment); *NAAMJP v. Lynch*, 826 F.3d 191, 194 (4th Cir. 2016) (affirming dismissal of plaintiff's challenge to District of Maryland local rule governing attorney admission under First Amendment, equal protection, Rules Enabling Act, and Supremacy Clause). *See also Lawyers United, Inc. v. United States*, 839 F. App'x 570, 570 (D.C. Cir. 2021) (affirming identical challenge for substantially same reason as *Howell*).

Here, Plaintiff again raises the claims dismissed by this Court and affirmed by the Third Circuit based on purported intervening change in law and new theories of liability. That is, Plaintiff claims that this Court and the Third Circuit's "prior court decisions upholding this federal local Rule . . . fail to appreciate the liberties at stake, and equally important, have been overturned." Compl. ¶ 4 & n.1. Plaintiff also brings causes of action that previous suits have purportedly never raised before. *See, e.g., id.* ¶ 87.

In total, Plaintiff asserts ten causes of action, alleging that the Admission Rules violate: (1) separation of powers; (2) the First Amendment under various speech-

regulation theories; (3) the Sixth Amendment right to counsel; (4) the Full Faith and Credit Act, 28 U.S.C. § 1738; (5) rules governing the judicial counsel of the U.S. Courts of Appeals, 28 U.S.C. § 332(d)(4); (6) Rules 1 and 83 of the Federal Rules of Civil Procedure; (7) the Rules Enabling Act, 28 U.S.C. §§ 2071–72; (8) the Fifth and Fourteenth Amendment rights to equal protection and privileges and immunities; (9) rules prohibiting unconstitutional conditions; (10) and the Fifth Amendment under a procedural due process theory. Plaintiff seeks equitable relief in the form of an order declaring the Admission Rules unlawful and enjoining their enforcement, and it seeks payment of costs and attorneys' fees. Compl. at pages 77–78.

## ARGUMENT

The Court should dismiss the Complaint with prejudice because (1) Plaintiff lacks standing to challenge the Admission Rules, (2) the Court lacks jurisdiction over the out-of-state defendants; and (3) Plaintiff's claims fail on the merits for the same reasons they failed in the prior lawsuits.

## I.    Plaintiff Lacks Standing to Challenge the Admission Rules

Plaintiff contends that its members "have been deprived of their citizenship rights by the challenged local Rules," and that Plaintiff thus has associational standing to challenge the rule.  Compl. ¶ 36. This contention fails. Plaintiff does not allege any facts that show its members have suffered actual and immediate injury necessary to establish standing. Rather, Plaintiff's vague and unsupported allegations describe only a general interest in changing the local rules. Because Plaintiff fails to establish standing, this Court lacks jurisdiction to hear its claims.

A "fundamental" part of federal jurisdiction, *Gonzales*, 211 F. App'x at 94–96, standing "focus[es] on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed," *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008). An association, like Plaintiff, can sue as representative of its individual members only if the organization's members have standing to sue on their own. *Simandle*, 2015 WL 13273313 at *4 (quoting *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 279 (3d Cir. 2014)).[3] An individual person, in turn, has standing to sue only if: (1) she has suffered an "injury in fact" (*i.e.*, an invasion of a legally protected interest that is both (a) concrete and particularized, and (b) actual or imminent, not merely conjectural or hypothetical); (2) there is a "causal connection" between her injury and the challenged conduct; and (3) it is "likely" that the injury will be "redressed by a favorable decision." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiff "bears the burden of establishing these elements." *Id.*

The Third Circuit has twice addressed, in non-precedential decisions, the standing of NAAMJP's individual members, reaching different conclusions. *Gonzales* found that its members did not allege an injury in fact because they did not intend to practice in the Eastern District of Pennsylvania; *Simandle* concluded otherwise based on specific allegations that the named plaintiffs would practice in the District of New

---

[3]      To gain associational standing, the association must also sue to protect interests germane to the organization's purpose and be able to litigate the case without its members' individual participation. *Simandle*, 2015 WL 13273313 at *4. In *Simandle*, this Court held that NAAMJP met these two elements of organizational standing. *Id.* Here, however, Plaintiff does not plainly say what its organizational purpose is, or why its members, whoever they are, cannot litigate this issue individually based on their own circumstances.

Jersey if the local rules changed. *Compare Gonzales*, 211 F. App'x at 95 ("[Plaintiffs]

have made no showing that they were denied the ability to practice in any of those

states or that they would seek to practice there but-for the local court rules."), *with*

*Simandle*, 658 F. App'x at 133 (distinguishing *Gonzales* because "both Vereb and

Doscher have alleged that they would seek admission to the District Court bar if the

local rules were changed . . . Since denial of their application was assured, the rules

inflict the alleged injury regardless of whether Vereb and Doscher actually undertook

the futile application process.").

Here, Plaintiff's allegations are virtually identical to those in *Gonzales*, and

therefore it cannot carry its burden to establish individual standing. Specifically, the

Complaint does not identify any individual member who was injured by the

Admission Rules. The sole named plaintiff is the association itself, Lawyers for Fair

Reciprocal Admission, whereas *Simandle* also involved two individual named

plaintiffs, Vereb and Doscher. And the Complaint here does not say that Plaintiff's

members would seek admission to the Districts of New Jersey or Delaware if the

Admission Rules were changed. Nor does the Complaint allege that its members are

not eligible to become members of the New Jersey State Bar by motion.[4] And

---

[4]     Under Rule 1:24–4 of the Rules Governing the Courts of the State of New
Jersey, attorneys barred in other states may apply to the New Jersey bar if, among
other things, their current state bar grants reciprocity to New Jersey lawyers. *See*
N.J. Ct. R. 1:24–4, available at https://www.njcourts.gov/attorneys/rules.html.
Currently, the New Jersey Supreme Court permits admission by motion—assuming
the applicant meets all other admissions criteria—to attorneys barred in forty states,
the District of Columbia, and the U.S. Virgin Islands. *See* N.J. Board of Bar
Examiners, *Reciprocal Jurisdictions*, available at
https://www.njbarexams.org/reciprocal_jurisdictions.

Plaintiff's counsel, Mr. Giannini admits that he is a member of the New Jersey Bar. *See* Compl. at page 78 (signature block).

The sole paragraph in the Complaint that addresses its members' standing raises vague "injuries" to anonymous members and apparent unwillingness to "salute the New Jersey or Delaware flag":

> Plaintiff has members and associates who have been deprived of their citizenship rights by the challenged local Rules . . . These members and associates are willing to submit Declarations and testify in open Court under oath attesting to their injures. They include lawyers of color, patent lawyers, military veterans and their wives, registered in-house counsel lawyers, registered indigent service lawyers, federal practice specialists, and members of the bar in good standing who maintain their principal office in a state where they are not licensed . . . Many members and associates abhor and do not want to subsidize or be compelled to associate with Delaware Bar Association or some public unions because of the political causes and messages they endorse. They do not want to get down on their knees and salute the New Jersey or Delaware flag in order to exercise their substantive rights in the United States courthouse.

Compl. ¶ 36 (internal footnote omitted). Thus, Plaintiff fails to plausibly allege that the Admission Rules injured its members. The Court therefore lacks jurisdiction over Plaintiff's Complaint.[5]

## II.    No Personal Jurisdiction Over the Out-Of-State Defendants

---

[5]    The Court should also dismiss Attorney General Garland as a defendant because "the Attorney General plays no role in the adoption of the local rules of any federal district court, so the plaintiffs' alleged injury is not fairly traceable to any conduct undertaken by [Garland]." *Simandle*, 658 F. App'x at 134 n.10.

The Complaint also fails to establish personal jurisdiction over the United States District Judges for the District of Delaware: The Hon. Colm F. Connolly, Leonard P. Stark,[6] Richard G. Andrews, and Maryellen Noreika. Compl. ¶ 41.

"[F]or personal jurisdiction to exist over a defendant, two requirements, one statutory and one constitutional, must be satisfied." *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 402 (D. Del. 2002). In this district, these requirements collapse into one because New Jersey's long-arm statute provides for personal jurisdiction to the extent permitted by the Fourteenth Amendment to the United States Constitution. *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir. 1981) (citing N.J. Ct. R. 4:4-4). This requirement, in turn, asks "whether the defendant purposefully established minimum contacts in the forum State." *Donnelly v. Kole*, No. 10-CV-01702 (WHW), 2010 WL 11693272, at *2 (D.N.J. July 21, 2010) (internal citation and quotation marks omitted).

Here, the Complaint does not allege that the Delaware federal judges have any contacts with New Jersey, let alone sufficient minimum contacts required by the Constitution. Plaintiff also admits, of course, that the Delaware federal judges do not sit in New Jersey. Compl. ¶ 41. The Complaint accordingly fails to establish personal jurisdiction over those out-of-state federal judges. *See Gonzales*, 211 F. App'x at 94 (affirming dismissal under Rule 12(b)(2) because "we see, and the appellants have

---

[6]     Judge Stark should also be dismissed as an improper defendant because he is now a Circuit Judge on the U.S. Court of Appeals for the Federal Circuit.

offered, no evidence suggesting the out-of-state defendants have established sufficient contacts with the forum state").

Plaintiff alleges that "jurisdiction and venue against . . . the out-of-state defendants is provided by 28 U.S.C. § 1391(e)." Compl. ¶ 34. That section provides that a lawsuit against "officer[s] or employee[s] of the United States" sued in their official capacities can be brought where the employees reside, where a "substantial part" of the claim occurred, or where the plaintiff resides. 28 U.S.C. § 1391(e)(1). But Section 1391(e) does not apply to the Delaware federal judges here because "the provision only applies to the executive branch." *Lawyers United, Inc. v. United States*, No. 19-CV-3222, 2020 WL 3498693, at *3 (D.D.C. June 29, 2020) (collecting cases limiting § 1391(a) to executive branch employees), *aff'd*, 839 F. App'x 570 (D.C. Cir. 2021). Plaintiff thus has not established personal jurisdiction over the Delaware federal judges named in the Complaint; they should be dismissed under Fed. R. Civ. P. 12(b)(2).

## III.   The Complaint Fails to State a Claim for Relief

Setting aside the standing and personal-jurisdiction issues, the Complaint must also be dismissed because it fails to state a claim for relief for largely the same reasons set out in *Simandle* and *Castille*.

### A.  The Court Has Upheld Local Rules Governing Attorney Admission

It is well established that "a federal court has the power to control admission" to its bar. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). *See also Frazier*, 482 U.S. at 645 ("[A] district court has discretion to adopt local rules that are necessary

14

to carry out the conduct of its business. This authority includes the regulation of admissions to its own bar."). This power is rooted in statute and the inherent authority of the federal courts. *See* 28 U.S.C. § 2071(a) ("The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business."); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); Fed. R. Civ. P. 83 ("After giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice."); *Chambers*, 501 U.S. at 43 ("[T]he Court has held that a federal court has the [inherent] power to control admission to its bar and to discipline attorneys who appear before it."); *Matter of Abrams*, 521 F.2d 1094, 1099 (3d Cir. 1975) ("[A]ll federal courts" have "broad" power "to prescribe requirements for admission to practice before that court.").

Consistent with this broad power, "federal courts have uniformly rejected challenges to the requirement that admission to practice before individual federal district courts be limited to attorneys admitted to the bar of the forum state." *Simandle*, 658 F. App'x at 139. *See also In re Roberts*, 682 F.2d 105, 108 (3d Cir. 1982) (affirming District of New Jersey's prior local rule limiting bar membership to members of New Jersey bar and stating that district courts "may properly rely on prior admission to the bar of the supreme court of the state in which the district court sits"). In fact, "[m]ost federal district courts require, as a prerequisite to admission to

their bars, admission to the bar of the state in which they are located." *In re Pawlak*, No. 94-211, 1995 WL 723177, at *3 (E.D. Pa. Dec. 1, 1995) (citing examples from multiple district courts). Thus, the Admission Rules here fall squarely in the District Courts' power to control admission to their bars and are supported by Third Circuit precedent. With that context in mind, we turn to Plaintiff's claims and explain why each fails.

### B. The Admission Rules Do Not Violate the Separation of Powers (Count 1)

In Count One, Plaintiff claims that "the challenged local Rules are facially unlawful as they flagrantly trespass the separation of powers doctrine." Compl. ¶ 97. Plaintiff alleges, in essence, that the Admission Rules are an unlawful "delegation of federal power to forum state licensing officials[.]." *Id.* ¶ 87. This argument fails for a few reasons.

"The nondelegation doctrine 'is rooted in the principle of separation of powers that underlies our tripartite system of Government.'" *United States v. Cooper*, 750 F.3d 263, 266 (3d Cir. 2014) (quoting *Mistretta v. United States*, 488 U.S. 361, 371 (1989)). The U.S. Constitution provides that "All legislative powers herein granted shall be vested in a Congress of the United States." *Id.* (quoting U.S. Const. art. I, § 1). Thus, the nondelegation doctrine mandates "that Congress generally cannot delegate its legislative power to another Branch." *Id.* (quoting *Mistretta*, 488 U.S. at 371–72).

The nondelegation doctrine does not apply to this case because Congress did not delegate legislative power here. Specifically, the Admission Rules do not involve

16

Congress's legislative power because the courts invoked their own power to set attorney-admission criteria under 28 U.S.C. § 2071, Fed. R. Civ. P. 83(b), 28 U.S.C. § 1654, and the courts' own inherent authority. *See Frazier*, 482 U.S. at 645; *Roberts*, 682 F.2d at 109. Second, there is also no delegation of power because the federal courts have not delegated power to the States of New Jersey and Delaware. Rather, as the Court explained in its prior opinion, the Admission Rules grant no power to the states:

> Through this rule, New Jersey's District Court has decided to adopt state rules; the State of New Jersey is not imposing any rules on the District of New Jersey. The District Court is free to change these rules at any time, subject to the procedural and substantive limitations of the Rules Enabling Act. If the State of New Jersey were to adopt a rule that conflicted with, for example, a Federal Rule of Criminal Procedure, the District Court would modify its own rules to depart from the state rule.

*Simandle*, 2015 WL 13273313, at *6. Thus, for substantially the same reasons set out in *Simandle*, the Admission Rules do not violate separation of powers.

## C. The Admission Rules Do Not Infringe the First Amendment (Count 2)

In Count Two, Plaintiff re-raises several First Amendment challenges to the Admission Rules that this Court already rejected in *Simandle*. Plaintiff claims that the Admission Rules infringe upon its members' right to petition the government for a redress of grievances, constitute an illegal prior restraint on speech, discriminate based upon the content and viewpoint of their speech, violate their freedom of association, and constitute an illegal prior restraint on speech. Plaintiff argues that

it can reargue these dismissed claims because subsequent Supreme Court case law undermines *Simandle*. Plaintiff is incorrect.[7]

In *Simandle*, the Third Circuit rejected NAAMJP's First Amendment challenges for the threshold reason that the D.N.J. Local Rule is "not a limitation on speech at all"; it "is nothing more than a standard regulation of the legal profession." *Simandle*, 658 F. App'x at 136. *See also Ohralik v. Ohio State Bar Ass'n*, 436 U.S.

---

[7]     In this part of the Complaint, Plaintiff makes inaccurate comparisons between the Admission Rules and racism. Plaintiff alleges, for example, that the alleged First Amendment violations are "virtually identical to requiring Black Americans to pay a poll tax and pass a literacy test in order to vote." Compl. ¶ 104. Elsewhere, Plaintiff invokes the plights of other historically marginalized communities when it claims that the local rules are "no different than requiring Black people to stand in the rear of the bus, take a literacy test to vote, or requiring women to obtain their spouse's permission to undergo a medical procedure, or treating gay people as second-class citizens." *Id.* ¶ 141. Other Courts have warned Plaintiff's counsel not to make such "shocking" statements. *See Lawyers United Inc. v. United States*, No. 19-3222, 2020 WL 3498693, at *7 (D.D.C. June 29, 2020), *aff'd*, 839 F. App'x 570 (D.C. Cir. 2021). As the District Court for the District of Columbia noted,

> [p]erhaps most shocking was plaintiffs' argument that the Local Rules treat them 'as 3/5 of a citizen.' This is an obvious reference to the Three-Fifths Compromise, which counted slaves as three-fifths of a person when determining a state's total population for legislative representation. The history of slavery in this country is shameful and reprehensible. The Court will not allow plaintiffs' counsel to trivialize that painful history by arguing that an attorney who is unable to appear in federal court has been subjected to the same evils as a human being who was purchased and treated as property. Plaintiffs made many other comparisons that the Court found extremely distasteful, but the ones highlighted here were the most egregious. This Court strongly recommends that plaintiffs' attorneys, Joseph Robert Giannini and W. Peyton George, refrain from ever again making such highly offensive and utterly unfounded comparisons.

*Id.* The Third Circuit, in *Simandle* commented on these types of statements too, noting that the statements "such as they are, do not help the plaintiffs' contention that admission standards should be less rigorous." *Simandle*, 658 F. App'x at 138 n.14.

447, 459 (1978) ("A lawyer's procurement of remunerative employment is a subject only marginally affected with First Amendment concerns. It falls within the State's proper sphere of economic and professional regulation."). The rule "does not regard, punish, or even acknowledge the content or viewpoint of any attorney's speech." *Id.* at 136 (quoting *Castille*, 799 F.3d at 223). "The broadly formulated First Amendment argument here," the panel stated, "would, if successful, greatly undermine the power of states to regulate bar membership, when this power has been repeatedly recognized and upheld by the courts." *Id.* (quoting *Russell v. Hug*, 275 F.3d 812, 822 (9th Cir. 2002) (brackets and internal quotation marks omitted)). The panel's concerns apply with equal force to the federal courts' ability to control membership to their bars.

The Third Circuit also noted that NAAMJP's First Amendment arguments were already rejected in *Castille* and by the Fourth Circuit and the U.S. District Court for the District of Columbia. *Id.* (citing *Lynch*, 826 F.3d at 195; *NAAMJP v. Roberts*, 180 F. Supp. 3d 46, 59–64 (D.D.C. 2015)). The court rejected NAAMJP's attempt to claim that the recent Supreme Court decision, *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155 (2015), required a different result because *Reed* was decided before *Castille*, and thus was not intervening authority, and, in any event, *Reed* did not conflict with the panel's decision. *Id.* at 136 n.12.

Here, Plaintiff tries again to raise the same First Amendment issues rejected in *Simandle* based on purported intervening authority, claiming that *Reed* and three recent decisions—*Janus v. AFSCME*, 138 S. Ct. 2448 (2018); *National Institute of*

*Family & Life Advocates v. Becerra*, 138 S. Ct. 2361 (2018); and *Fulton v. City of Philadelphia, Pennsylvania*, 141 S. Ct. 1868 (2021)—purportedly "change the rules of the game, and undermine every prior decision upholding local Rules as professional speech, rational, fair and neutral, and exempt from First Amendment protection." Compl. ¶ 98.

Yet the Court has already rejected Plaintiff's attempt to rely on *Reed*. *Simandle*, 658 F. App'x at 136 n.12 ("*Reed* predates our opinion in *Castille*, so it cannot constitute the sort of intervening authority that would permit us to 'reevaluate a precedent.'") (quoting *Reich v. D.M. Sabia Co.*, 90 F.3d 854, 858 (3d Cir. 1996)). What is more, neither *Reed* nor the three newer decisions undermine *Castille* or *Simandle* because those cases do not address the key point here that the local rules "do[] not differentiate between attorneys based upon their viewpoints or the content of their speech"; they "differentiate[] between them based only upon their state of bar admission." *Id.*

Plaintiff incorrectly claims that the recent decisions in *Janus*, *Becerra*, and *Fulton* require a different result. It says, first, that *Janus* forbids rational basis review of First Amendment claims. Compl. ¶¶ 4, 25. But *Janus* says only that rational basis review would not apply to certain types of compelled speech—in that case, compelling employees to subsidize their labor unions' speech with which the employees disagreed. *Janus*, 138 S. Ct. at 2464–26. *Janus*'s holding that certain regulations on speech are subject to higher scrutiny thus has nothing to do with *Simandle*'s holding that the local rules did not limit speech at all.

20

The same reasoning applies to Plaintiff's reliance on *Becerra*, which held that California could not impose a content-based regulation on pro-life pregnancy centers—*i.e.*, requiring them to tell their patients that the state provides free abortions—without sufficient justification and lack of burden. *Becerra*, 138 S. Ct. at 2371–76. The Admission Rules here are not content-based regulations, so *Becerra* is irrelevant.

Similarly, *Fulton* does not, as Plaintiff claims, require the Court to find that the Admission Rules constitute a prior restraint on speech. Compl. ¶¶ 28, 107. Putting aside that the local rules do not regulate speech, *Simandle*, 2015 WL 13273313 at *9 (rejecting prior restraint argument because local rule does not "permit[] the court to censor speech or leads speakers to censor themselves") (citing *Castille*, 799 F.3d at 223), *Fulton* does not discuss prior restraint or free speech issues at all; it involved a challenge under the Free Exercise Clause by a religious group that refused to enroll same sex couples into its foster care system. *See Fulton*, 141 S. Ct. at 1878–82; *id.* at 1882 ("In view of our conclusion that the actions of the City violate the Free Exercise Clause, we need not consider whether they also violate the Free Speech Clause."). Accordingly, none of the Supreme Court decisions cited by Plaintiff requires the Court to revisit the Third Circuit's decisions that local rules governing attorney admission do not limit speech and do not infringe upon the First Amendment.

## D. The Admission Rules Do Not Raise Sixth Amendment Concerns (Count 3)

In Count Three, Plaintiff asserts that the Admission Rules violate the Sixth Amendment right to counsel. Plaintiff claims incorrectly that the right to counsel in

a civil case is a "fundamental right[]." Compl. ¶ 125. There is, however, no right to counsel in a civil case: "The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants. Additionally, civil litigants do not even have a statutory right to appointed counsel." *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997) (internal citations omitted). Because the Admission Rules apply only to civil matters, they cannot infringe on the right to counsel in criminal matters. The Sixth Amendment challenge must be dismissed.

### E. The Admission Rules Comport with the Rules Enabling Act, the Full Faith and Credit Act, and an Act Governing the Judicial Counsel (Counts 4, 5, 7)

Plaintiff asserts Counts Four, Five, and Seven under three federal statutes: the Rules Enabling Act, 28 U.S.C. §§ 2071-72; the Full Faith and Credit Act, *id*. § 1738; and the statutory rules governing the judicial counsel of the U.S. Courts of Appeals, *id*. § 332(d)(4). In *Simandle*, this Court and the Third Circuit rejected Plaintiff's challenges under the Rules Enabling Act and the Full Faith and Credit Act. The Rules Enabling Act forbids district courts from adopting local rules that contradict any federal law or rules promulgated under the authority of the Supreme Court. As the Third Circuit held, local rules governing attorney admission do not violate the Act because the Rule "does not conflict with any Acts of Congress or any rules adopted by the Supreme Court. The matter is no more complicated than that." *Simandle*, 658 F. App'x at 134. That holding forecloses Plaintiff's claim here.

Plaintiff next claims that no court has addressed whether the local rules violate the Full Faith and Credit Act, Compl. ¶ 129, but that is incorrect. In the same

paragraph that discussed the Rules Enabling Act, the Third Circuit in *Simandle* explained why the local rules do not contradict the Full Faith and Credit Act, which requires federal courts to give full faith and credit to the judgments of state and territorial courts. *Simandle*, 658 F. App'x at 134 at n.11. The court rejected the plaintiffs' argument that the Local Rule denied full faith and credit to the judgment of the states in which its members are admitted to the bar because one state's "judgment that an individual should be admitted to its own bar establishes only that fact (*i.e.*, admission to the state bar of New York), and does not even purport to require nationwide bar membership." *Id.* at 134 n.11 (citing *Giannini v. Real*, 911 F.2d 354, 360 (9th Cir. 1990) (rejecting same attorney's full faith and credit argument "because no act, record or judicial proceeding, in New Jersey or Pennsylvania, states that Giannini is entitled to practice law in California.")). Plaintiff's challenge under the Full Faith and Credit Act fails for identical reasons.

Although Plaintiff did not expressly raise Section 332(d)(4) in *Simandle*, the result is the same. That Section simply requires the judicial counsel of each Circuit to review its district courts' rules for consistency with the Rules Enabling Act. In other words, section 332(d)(4) states that the judicial counsels "shall periodically review the rules which are prescribed under section 2071 of this title by district courts within its circuit for consistency with rules prescribed under section 2072 of this title," and "may modify or abrogate any such rule found inconsistent in the course of such a review." Because Plaintiff fails to identify any conflict with the Rules Enabling Act, it follows that it cannot establish a violation of Section 332(d)(4).

### F. The Admission Rules Comport with the Federal Rules of Civil Procedure (Count 6)

Count Six purports to assert a cause of action under Rules 1 and 83 of the Federal Rules of Civil Procedure. *See* Compl. ¶¶ 138–43. The argument is essentially the same as the one asserted under the Rules Enabling Act, above. Namely, Plaintiff claims that the Admission Rules violate Rule 1's mandate "to secure the just, speedy, and inexpensive determination of every action and proceeding," and Rule 83(a)(1)'s requirement that the "local rule[s] must be consistent with . . . federal statutes and rules adopted under" the Rules Enabling Act. *See* Compl. ¶ 138 (quoting Rule 1 and 83(a)(1)).

At the outset, Plaintiff cannot bring a cause of action under Rule 1 or Rule 83. As procedural rules, the Federal Rules of Civil Procedure do not create a private right of action. See *In re Baldwin–United Corp.*, 770 F.2d 328, 335 (2d Cir. 1985) (noting federal rules are "rule[s] of procedure and create[] no substantive rights or remedies enforceable in federal court."); *Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F. Supp. 2d 444, 452 (D. Del. 2007) ("[T]he Federal Rules of Civil Procedure do not create a private cause of action[.]"). Further, even if Plaintiff could assert a claim under the Federal Rules, the claim still fails. Plaintiff argues that the Federal Rules require the district courts to comply with the Rules Enabling Act. Compl. ¶ 138. Because Plaintiff failed to show any conflict with the Rules Enabling Act, Plaintiff likewise fails to show any conflict with the Federal Rules. *See Lynch*, 826 F.3d at 197 n.8 (affirming dismissal of identical challenge under Fed. R. Civ. P. 83 to District of Maryland's local rule as duplicative of challenge under Rules Enabling Act).

24

## G. The Admission Rules Do Not Infringe Fifth Amendment Rights (Counts 8, 10)

In Counts Eight and Ten, Plaintiff asserts that the Admission Rules violate the Fifth Amendment in two ways. Count Eight claims that the Admission Rules violate the equal protection rights of the Fifth Amendment. Count Ten asserts violations of the Due Process Clause. Both theories fail.

### i.      *Equal Protection under the Fifth Amendment*

Plaintiff claims that the Admission Rules violate equal protection rights under the Fifth Amendment because the rules "treat[]" Plaintiff's members "as second class citizens[.]" Compl. ¶ 159.[8] The Court, however, rejected this same argument in *Simandle. See* 2015 WL 13273313, at *10. The Fifth Amendment, the Court noted, requires only rational basis review of a law that "makes distinctions between groups of individuals but neither burdens a fundamental right nor targets a suspect class." *Id.* (quoting *Connelly v. Steel Valley School Dist.*, 706 F.3d 209, 212 (3d Cir. 2013)). The Court found that D.N.J. Local Rule 101.1 does not impair a fundamental right or make any classification based on a suspect criterion, *id.* at *10 (quoting *Roberts*, 682 F.2d at 108), and found "a legitimate rational basis for the New Jersey District Court's rule," *id.* at *11–12. Plaintiff here provided no valid reason to reach a different conclusion for the Admission Rules.

---

[8]      Plaintiff also seems to assert its equal protection claims under the Fourteenth Amendment. Compl. ¶ 154. The Fourteenth Amendment does not apply to Defendants as they are all federal actors. We accordingly address the equal protection challenge only under the Fifth Amendment.  Ultimately, however, there is no real distinction because both Amendments require essentially the same non-discrimination analysis. *See Simandle*, 2015 WL 13273313, at *10.

### ii.    *Due Process Clause of the Fifth Amendment*

In Count Ten, Plaintiff asserts that the Admission Rules violate the Due Process Clause of the Fifth Amendment in three ways. First, Plaintiff claims it "cannot get a fair and neutral judge" to oversee this lawsuit because the federal judges in this District have "partnered themselves with and adopted [the] forum state interests as their own," and so, Plaintiff claims, the judges have "predetermined" this case by blindly accepting the "viewpoint [that] one state's lawyers and one state's licensing protocols are superior to another." Compl. ¶ 173. Plaintiff perceives this as a conflict of interest under 28 U.S.C. § 445. *Id.* Second, Plaintiff alleges that its members are denied a procedural right to challenge state bar admission standards because their "right to petition the state supreme court for review of their bar exam scores is not available in practice as state supreme courts never grant review." *Id.* ¶ 174. Third, Plaintiff alleges, citing to no authority, that Defendants "should have the burden of proof to establish by clear and compelling evidence that the original state of licensing order of admission was secured by fraud, mistake, or duress." *Id.* ¶ 175.

Plaintiff's claim of bias by the judges in this District is moot, but more importantly it is wrong. This matter is not assigned to a federal judge from the District of New Jersey or the District of Delaware. Rather, the Hon. Patty Shwartz, Circuit Judge of the U.S. Court of Appeals for the Third Circuit, designated and assigned the Hon. Gerald A. McHugh of the United States District Court for the Eastern District of Pennsylvania to decide this matter. ECF No. 3. Neither Judge Shwartz nor Judge McHugh are named in this lawsuit, and this Complaint does not

26

challenge the Eastern District of Pennsylvania's local rules. *See Roberts*, 180 F. Supp. 3d at 65 (holding plaintiffs' bias "argument became moot when this case was assigned to an out-of-district judge for adjudication").

More importantly, even if Judge Shwartz had not designated Judge McHugh to this case, Plaintiff has provided absolutely no basis to claim bias by judges in this District. Plaintiff offers nothing more than conjecture that all judges in this District are partial; that is plainly not true. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 300–01 (3d Cir. 2004) (requiring facts on which reasonable person would conclude that judges' impartiality could reasonably be questioned under 28 U.S.C. § 455(a)).

Plaintiff's other purported due process claims are equally meritless. To establish a claim under the Due Process Clause, Plaintiff must identify a liberty interest or property right that "is encompassed within its terms." *Roberts*, 682 F.2d at 107. Plaintiff has not identified any such interest or right, and thus cannot state a procedural due process claim. *Id.* (rejecting procedural due process claim because no property right to practice law in district and no liberty interest at stake); *Simandle*, 2015 WL 13273313, at \*11 (noting that Fifth Amendment does not recognize fundamental right to practice law). *See also Doyle v. Palmer*, 365 F. Supp. 3d 295, 303 (E.D.N.Y.) (rejecting due process challenge to local rules because no protected interest at stake), *aff'd*, 787 F. App'x 794 (2d Cir. 2019). *See also Maynard v. U.S. Dist. Court*, 701 F. Supp. 738, 743 (C.D. Cal. 1988) ("[C]ourts have held that the right to practice law is not a property right protected by the Due Process Clause."); *Theard v. United*

*States*, 354 U.S. 278, 281 (1957) ("Membership in the bar is a privilege burdened with conditions.") (citation omitted).

Moreover, to the extent Plaintiff challenges the New Jersey or Delaware State Supreme Courts' purported decisions to deny review of Plaintiff's prior challenges to the local rules, that does not establish a denial of process; it merely shows Plaintiff has not raised issues that those Supreme Courts deemed worthy of review.

Lastly, Plaintiff provides no basis for its demand that the burden of proof should for some reason shift to the Defendants to prove that they did not pass the local rules under duress, fraudulently, or by mistake. Because we are aware of no court that has even recognized a viable due process right in this context, there is no basis for the novel idea that the Defendants must bear the burden of proof.

In sum, Plaintiff fails to state a violation of the Fifth Amendment.

**H. The Admission Rules Are Not Unconstitutional Conditions (Count 9)**

Lastly, Count Nine asserts a cause of action based on "unconstitutional conditions," by which Plaintiff appears to mean that the local rules violate the Privileges and Immunities Clause of Article IV, § 2 of the Constitution. *See* Compl. 164 ("The local Rules take the Plaintiffs' privileges and immunities and citizenship rights and gives them to local lawyers—constitutes [sic] an unconstitutional condition."). Relying on *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274 (1985) and *Supreme Court of Virginia v. Friedman*, 487 U.S. 59 (1988), Plaintiff argues that the Admission Rules "discriminate against out-of-state attorneys and a [sic] create a proxy for preferential patronage for instate attorneys." *Id.* ¶ 169

(emphasis omitted); *id.* ¶ 171 ("The local Rules contradict the Supreme Court's precedent on bar admission set forth in *Piper* and *Friedman*.").

The Privileges and Immunities Clause provides that the "[c]itizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2. The Clause "prevents a State from discriminating against citizens of other States in favor of its own." *Hague v. Comm. for Indus. Org.*, 307 U.S. 496, 511 (1939). "As a necessary prerequisite for the Privileges and Immunities Clause to apply, it must be shown that a state discriminated against a citizen of another state." *Maldonado v. Houstoun*, 157 F.3d 179, 190 (3d Cir. 1998) (citation omitted). The Privileges and Immunities Clause, accordingly, is "a limitation on the powers of the States, not on the powers of the federal government." *State of Nev. v. Watkins*, 914 F.2d 1545, 1555 (9th Cir. 1990); *Hawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 145 (1st Cir. 1976) ("Article IV, § 2 is a limitation on powers of states and in no way affects the powers of a federal district court."); *Maynard*, 701 F. Supp. at 740 (federal district court local rule governing admission of attorneys could not be challenged under Privileges and Immunities Clause). *See also Pollack v. Duff*, 793 F.3d 34, 44 (D.C. Cir. 2015) (finding Privileges and Immunities Clause inapplicable to the Administrative Office of the United States Courts because the federal government is not subject to scrutiny under the Clause). As a result, Plaintiff's challenge based on the Privileges and Immunities Clause must be dismissed because there is no state action.

29

Even assuming the Privileges and Immunities Clause applied to the District Courts and their local rules, Count Nine would still fail under the two-part test to determine whether a rule or statute violates the Privileges and Immunities Clause. *See Tolchin v. S. Ct. of the State of N.J.*, 111 F.3d 1099, 1112–13 (3d Cir. 1997). First, the court must consider whether the challenged rule discriminates against nonresidents. *Id.* If it does, the court must then decide whether the discrimination imposes "too heavy a burden" on nonresidents, and whether the rule bears a substantial relationship to a legitimate state objective. *Id.* If the challenged rule "imposes identical requirements on residents and nonresidents alike and it has no discriminatory effect on nonresidents, it does not violate the Privileges and Immunities Clause." *Id.*

In *Simandle*, the Court explained that the D.N.J. Local Rule 101.1 does not discriminate against nonresidents, and that the plaintiffs' reliance on *Piper* and *Friedman* was inapt. Specifically, after summarizing *Piper and Friedman*, the Court explained that "Plaintiffs conflate a lawyer's state of residency with her state of bar admission. Local Rule 101.1 is not based on an attorney's residency; it is based on whether an attorney is admitted to practice law in New Jersey." *Simandle*, 2015 WL 13273313 at *10–11. The same is true of D. Del. Local Rule 83.5(b). The Admission Rules' requirement that attorneys be licensed to practice law in state as a condition of admission to the District Court "applies equally to residents and nonresidents." *Tolchin*, 111 F.3d at 1113. The Admission Rules also bear a substantial relationship to the District Courts' legitimate objectives of determining attorneys' fitness to

30

practice law before the District Courts, protecting the public interest, and ensuring that attorneys are familiar with New Jersey and Delaware state law. *See, e.g.*, *Simandle*, 658 F. App'x at 138; *Roberts*, 682 F.2d at 108. *See also In re Pawlak*, 1995 WL 723177, at *3 (noting district court "uses admission to a state bar as a standard for admission to its bar" because "like other federal courts, it has no procedures of its own for the examination of bar applicants"). Plaintiff's unconstitutional conditions argument fails, and the Complaint should be dismissed in full.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request that the Court grant the motion to dismiss the Complaint with prejudice and grant any further relief as the Court deems to be just and proper.

Dated:       Newark, New Jersey
             August 14, 2022

                               Respectfully submitted,
                               PHILIP R. SELLINGER
                               United States Attorney

                    By:    s/ Alex Silagi
                               ALEX SILAGI
                               Assistant United States Attorney