IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **LAWYERS FOR FAIR RECIPROCAL ADMISSION,** | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 22-2399** |
| | : | |
| **UNITED STATES et al.,** | : | |
| Defendants. | : | |
| | : | |

**McHUGH, J.**                                                                                                                                              **JANUARY 10, 2023**

**MEMORANDUM**

This case represents yet another effort by Plaintiff's counsel, Joseph Giannini, to establish a legal right for lawyers to practice law in jurisdictions that lack bar reciprocity with the state where such lawyers are barred. Mr. Giannini has filed many such cases in courts across the country over the last several decades, two of which have been before me. *See NAAMJP v. Simandle*, No. 14-3678, 2015 WL 13273313 (D.N.J. Sept. 1, 2015), *aff'd*, 658 F. App'x 127 (3d Cir. 2016); *NAAJMP v. Castille*, 66 F. Supp. 3d 633 (E.D. Pa. 2014), *aff'd*, 799 F.3d 216 (3d Cir. 2015). His efforts have almost uniformly failed. *See Simandle*, 658 F. App'x at 130 (compiling cases). At least two courts have gone so far as to enjoin Mr. Giannini from filing additional cases challenging bar admission rules without leave of court. *See NAAMJP v. Bush*, No. 05-cv-5081, ECF No. 43, slip op. at 9 (E.D. Pa. Mar. 23, 2006), *aff'd sub nom. NAAJMP v. Gonzales*, 211 F. App'x 91, 93 (3d Cir. 2006); *Paciulan v. George*, 38 F. Supp. 2d 1128, 1146-47 (N.D. Cal. 1999), *aff'd*, 229 F.3d 1226 (9th Cir. 2000).

In the present case, an organization named Lawyers for Fair Reciprocal Admissions (LFRA) challenges the local civil rules in this Court and the District of Delaware, naming the

United States, the Attorney General, and an array of federal judges as defendants. LFRA alleges that the courts' rules governing the admission of lawyers to each court's bar violate various federal statutory and constitutional provisions, reasserting many of the arguments advanced against the District of New Jersey's local rules in *Simandle*, 2015 WL 13273313.

Subsequent case law has slightly altered the legal standard for one of Plaintiff's claims since *Simandle*, but Plaintiff has nonetheless failed to state a claim for relief. I will therefore dismiss the entire Complaint with prejudice.

## I. Factual and Procedural Background

LFRA "is a corporation organized for public benefit under California law with offices in Los Angeles, CA" that is "engaged in interstate commerce and advocacy." Compl. ¶ 35. Plaintiff's Complaint does not specify the purpose of its "advocacy." Based on the contents of the Complaint and LFRA's name, however, its mission appears to be changing non-reciprocal bar admissions rules, much like the National Association for the Advancement of Multijurisdiction Practice (NAAMJP), which was the plaintiff in my previous two cases involving Mr. Giannini. *See Simandle*, 2015 WL 13273313, at *1; *Castille*, 66 F. Supp. 3d at 638-39.[1] Plaintiff asserts that it has "members and associates," many of whom are lawyers, "who have been deprived of their citizenship rights by the challenged local Rules" in New Jersey and Delaware. Compl. ¶ 36.

Defendants in this case are the United States, Attorney General Merrick Garland, all judges on the Third Circuit Judicial Council, and all district court judges in the District of New Jersey and District of Delaware. Plaintiff alleges that the United States is a proper party because of "the

---

[1] Defendants' brief further highlights that although LFRA does not note any connection with NAAJMP, both organizations share the same counsel and seemingly have the same address, and the Complaint repeatedly references NAAJMP's past litigation efforts. *See* Def.'s Br., ECF 23-1, at 4.

Supreme Court's supervisory appellate jurisdiction" over local district court rules. *Id.* ¶ 37. Plaintiff alleges that the Attorney General is a proper party because he "has a constitutional duty to assure the laws are faithfully executed." *Id.* ¶ 38. Plaintiff then alleges that the Third Circuit Judicial Council is properly named as defendant due to its role in reviewing the local rules of courts within its jurisdiction. *Id.* ¶ 39. And Plaintiff appears to have sued all judges in the District of New Jersey and District of Delaware due to their role in promulgating each district's local civil rules (though Plaintiff does not state this explicitly). *See id.* ¶¶ 40-41.

Plaintiff's Complaint challenges each court's adoption and "piggy-back[ing]" of their respective state supreme court's admission rules for out-of-state attorneys. *See id.* ¶¶ 13-14. Plaintiff notes that these local rules differ from other local civil rules, including those in the Western District of Pennsylvania, which allow for admission of any attorney previously admitted to any other federal district court. *Id.* ¶ 12. While Plaintiff does not identify the specific rules they challenge in their Complaint nor any of their briefs, Defendants and I assume that Plaintiff challenges District of New Jersey Local Civil Rule 101.1 and District of Delaware Local Civil Rule 83.5 (the "Local Rules"). Rule 101.1(b) states that "[a]ny attorney licensed to practice by the Supreme Court of New Jersey may be admitted as an attorney at law," with Rule 101.1(c) allowing attorneys licensed in other jurisdictions to appear *pro hac vice* for a specific case, so long as they appear in conjunction with local counsel. Rule 83.5(b) similarly provides that "[a]ny attorney admitted to practice by the Supreme Court of the State of Delaware may be admitted to the Bar of this Court," with a *pro hac vice* provision similar to the District of New Jersey's codified at Rule 83.5(c).

Plaintiff claims that these rules violate various federal statutes and provisions of the U.S. Constitution. Specifically, Plaintiff's ten counts allege that the local rules violate: (1) the

3

separation of powers doctrine; (2) the First Amendment; (3) the Sixth Amendment right to counsel; (4) the Full Faith and Credit Act, 28 U.S.C. § 1738; (5) rules governing the duties of the Third Circuit Judicial Council, 28 U.S.C. § 332(d)(4); (6) Rules 1 and 83 of the Federal Rules of Civil Procedure; (7) the Rules Enabling Act, 28 U.S.C. §§ 2071–72; (8) rights to equal protection and privileges or immunities of citizenship under the Fifth and Fourteenth Amendments; (9) the unconstitutional conditions doctrine and privileges and immunities of citizenship under Article IV; and (10) the Fifth Amendment, under several procedural due process theories.

Defendants moved to dismiss the Complaint in its entirety. Defendants challenge the Court's ability to assert jurisdiction over the Delaware defendants, Plaintiff's standing to assert its claims against the remaining defendants, and the substantive merits of all claims.

## II.     Legal Standard

In this Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Motions to dismiss for lack of jurisdiction under the remaining provisions of Rule 12(b) can be either facial or factual. Where, as here, the party bringing a 12(b)(1) and 12(b)(2) motion attacks the complaint on its face,[2] the motion is treated like a 12(b)(6) motion and the court must treat the complaint's factual allegations as true and "draw all reasonable inferences from those allegations" in the Plaintiff's favor. *In Re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846

---

[2] Defendants allege that "Plaintiff does not allege any facts" to show that it can establish standing nor to show that the Court has personal jurisdiction over the Delaware defendants. *See* Defs.' Br., ECF 23-1 at 9, 13.

F.3d 625, 633 (3d Cir. 2017); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**III.   Discussion**

I previously addressed the majority of the issues raised here in *Simandle*, where I dismissed a challenge to the District of New Jersey local rule that is challenged again in this case. Specifically, my opinion in *Simandle* addressed Plaintiff's claims regarding the separation of powers doctrine, the First Amendment, the Rules Enabling Act, equal protection, the Privileges or Immunities Clause, and the Privileges and Immunities Clause.  Plaintiff has failed to explain why I should reach a different conclusion on any of these issues in this case, nor why, even if there was jurisdiction,  the District of Delaware local rule – which is functionally equivalent to the New Jersey local rule – should be treated differently.  I will therefore dismiss these claims for the same reasons I dismissed the claims in *Simandle*.

Plaintiff also asserts three new claims involving the Sixth Amendment, the Full Faith and Credit Act, and procedural due process.  Because Plaintiff fails to sufficiently establish a factual or legal basis for these claims, the new claims will also be dismissed.

But before discussing the merits of Plaintiff's claims, I must first address issues that Defendants raise regarding personal jurisdiction over the Delaware defendants and Plaintiff's standing to assert its claims.

### A. Personal Jurisdiction

As a preliminary matter, Defendants argue that the Complaint fails to establish personal jurisdiction over the District of Delaware Defendants, and these judges should be dismissed under Fed. R. Civ. P. 12(b)(2).[3] I agree.

This Court has personal jurisdiction over a party to the extent permitted by the Fourteenth Amendment, because the New Jersey long-arm statute permits the exercise of such jurisdiction to the "fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). That is, I have personal jurisdiction over a party so long as that party has minimum contacts with New Jersey, such that asserting jurisdiction does not "offend traditional notions of fair play and substantial justice." *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 283 (3d Cir. 1981) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The District of Delaware defendants do not have sufficient minimum contacts with New Jersey. Plaintiff does not appear to dispute this notion, but claims that I nonetheless have personal jurisdiction over the Delaware defendants under 28 U.S.C. § 1391(e), a section of the venue statute which expands the permissible venues for suits against an "officer or employee of the United States or any agency thereof." There is some dispute over whether 1391(e) confers personal jurisdiction over such defendants beyond establishing proper venue. *See Duplantier v. United States,* 606 F.2d 654, 663 (5th Cir. 1979) (noting that although the Second Circuit held that Section 1391(e) is both a personal jurisdiction statute and a venue statute, other courts treat it as a venue statute only). Even assuming the statute confers personal jurisdiction, however, Defendants rightly highlight that

---

[3] Defendants do not challenge the Court's jurisdiction over the District of New Jersey and Third Circuit defendants.

§ 1391(e) only applies to lawsuits against agencies and employees of the *executive* branch. *See id.*; *King v. Russell*, 963 F.2d 1301, 1303 (9th Cir. 1992); *Liberation News Serv. v. Eastland*, 426 F.2d 1379 (2d Cir. 1970). By its terms this statute cannot fix the problem of asserting jurisdiction over out-of-state judges who do not have sufficient minimum contacts with New Jersey, and so even before reaching the merits I will dismiss all claims against the District of Delaware judges.

### B. Standing

Defendants also challenge the standing of LFRA to assert its claims and move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1). According to Defendants, Plaintiff fails to show that its members suffer an actual and immediate injury from the Local Rules, as required to demonstrate constitutional standing under Article III, and this Court consequently lacks jurisdiction over the claims. I disagree, and conclude that Plaintiff has sufficiently alleged standing to pursue most of its claims.

Federal courts lack jurisdiction over a claim if the plaintiff lacks standing to bring it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). Standing has three requirements:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Const. Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (citing *Lujan*, 504 U.S. at 560-61). As I noted in *Simandle* and *Castille*, an organization may acquire standing through three

mechanisms: the organization's own injury, third party standing, or associational standing (i.e., standing to assert injury on behalf of its members). *Castille*, 66 F. Supp. 3d at 641; *Simandle*, 2015 WL 13273313 at *4. An organization has associational standing when:

> (1) the organization's members have standing to sue on their own; (2) the interests the organization seeks to protect are germane to its purpose; and (3) neither the claim asserted nor the relief requested requires individual participation by its members.

*Simandle*, 2015 WL 13273313 at *4 (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 279 (3d Cir. 2014)); *see also Castille*, 66 F. Supp. 3d at 641.

Defendants argue that Plaintiff does not plead actual injury from the Local Rules and simply asserts vague allegations about the general impact of the rules. Defendants point out that I found NAAJMP had standing in *Simandle* in part due to specific allegations from two named plaintiffs in that case, and that no such individual plaintiffs are involved in the present case.[4] Defendants argue that this case is therefore more analogous to the circumstances in *NAAJMP v. Gonzales,* 211 F. App'x 91, 95 (3d Cir. 2006), a non-precedential decision concluding that NAAJMP lacked standing to challenge district courts' local rules regulating attorney admission.

I disagree. Defendants are correct that this case lacks individual plaintiffs, but the effect of this is only that I must engage in a more in-depth analysis of whether LFRA's members have standing to sue on their own. Having done so here, I conclude that Plaintiff has pled standing sufficient to survive a motion to dismiss. At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice'" in order to establish standing. *Lujan*,

---

[4] As noted above, NAAJMP and LFRA appear to have functionally the same mission, have the same counsel, and the same address and the same leadership. As such, my analysis from *Simandle* about NAAJMP's standing is highly relevant to my standing analysis here.

504 U.S. at 561 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883-89 (1990)). Read broadly, the Complaint establishes that LFRA membership includes lawyers barred in states that lack reciprocity with Delaware and New Jersey, and as such suffer a cognizable injury because they cannot easily seek admission to either district court's bar. *See* Compl. ¶ 36. The substantial similarity between LFRA and NAAJMP adds further weight to this argument, given that NAAJMP easily produced individual lawyers who could satisfy the elements of standing for *Simandle*. Plaintiff has therefore pleaded general allegations that suggest that some of its members face a concrete, actual, and redressable injury that can (at least partly) be attributed to Defendants.[5]

Clearing this hurdle, Plaintiff can easily satisfy the remaining elements of associational standing. As in *Simandle*, the "second element is satisfied because [LFRA] exists to challenge rules like Rule 101.1" and Rule 83.5. 2015 WL 13273313, at *4. While LFRA's mission is not explicit from the Complaint, an inference can easily be drawn from LFRA's title that challenging non-reciprocal bar admission rules is central to its work. The declaratory and injunctive relief sought by LFRA also "does not require individual participation by [LFRA's] members," as required by the third prong of associational standing. *Id.* As such, I conclude that LFRA can establish associational standing to pursue its claims.[6]

Despite finding associational standing here, I nonetheless grant Defendants' request to dismiss the Attorney General from this case, just as I did in *Simandle*. While the causal connection between Plaintiff's injury and the actions of the remaining judicial defendants is clear – the New

---

[5] I also give some weight to Plaintiff's assertion that it can supply declarations from members concretely harmed by the Local Rules. *See* Pl.'s Opp. Br., ECF 39 at 37; Pl.'s Supp. Mem., ECF 50 at 14.

[6] Plaintiff does not attempt to establish its own individual standing nor third party standing, so I do not address these types of standing.

9

Jersey defendants adopted Local Civil Rule 101.1, and the Judicial Council defendants oversee the local rules of both federal district courts – there is no similar causal link to the Attorney General. Plaintiff's claims do not allege that federal law, which the Attorney General enforces, violates Plaintiff's members' rights. Rather, they allege that the Local Rules conflict with federal law. This is insufficient to trace Plaintiff's injury to any action of the Attorney General, and I will dismiss him from the case under Fed. R. Civ. P. 12(b)(1).

Plaintiff likely also lacks standing to pursue several claims asserted – such as claims under the Federal Rules of Civil Procedure, which lacks a private right of action, or under the Sixth Amendment right to counsel, which does not apply to civil actions and attaches to parties, not counsel. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011). For clarity, however, I will address such standing issues where relevant to my individual analysis of each claim.

### C. Separation of Powers

Count 1 of the complaint asserts that the Local Rules improperly delegate federal power to state licensing officials, and therefore "flagrantly trespass the separation of powers doctrine." Compl. ¶ 97. Because the incorporation of state bar admission rules into the Local Rules does not implicate the separation of powers under the U.S. Constitution, I will dismiss this claim.

Plaintiff cites a litany of authorities to support this claim, but at its core the claim invokes Article I and Article III. Article I, Section 1, mandates that all legislative powers contained in the Constitution are vested in Congress – and as a corollary, that legislative authority generally may not be delegated to other entities. *See Mistretta v. United States*, 488 U.S. 361, 487-88 (1989). Separately, under Article III, Section 1, only Congress may expand or limit a lower federal courts' jurisdiction. *See Kontrick v. Ryan*, 540 U.S. 443, 452 (2004).

Plaintiff does not, however, point to anything that implicates either provision. The only part of the Complaint that possibly pleads a violation of either constitutional provision is the conclusory assertion that the Local Rules are "procedural rules created by the judiciary that impermissibly shrink and withdraw District Court jurisdiction without Congressional approval." Compl. ¶ 95. But the Local Rules do not alter either district court's jurisdiction – they are simply setting the guidelines which lawyers must meet to join each district court's bar. The remainder of Plaintiff's arguments focus on the delegation of authority from the federal court to the state supreme courts, which is not addressed by the separation of powers provisions in the Constitution. Even assuming a constitutional issue exists here, federal courts are not delegating power to the states but making a choice to adopt state rules as a model. As I previously explained in *Simandle*, when discussing whether Local Rule 101.1 violated the Supremacy Clause, "New Jersey's District Court has decided to adopt state rules; the State of New Jersey is not imposing any rules on the District of New Jersey," further recognizing that "[t]he District Court is free to change these rules at any time." *See* 2015 WL 13273313, at *6. There is therefore no delegation of power from the federal courts to the state courts, and this claim will be dismissed.

### D. First Amendment

Count 2 asserts that the Local Rules violate the First Amendment for six different reasons, arguing that the Local Rules: (1) violate the Petition Clause because they "presume all licensed lawyers from other states will file sham petitions"; (2) operate as a prior restraint on protected speech by forcing lawyers to take an additional bar exam before they can exercise their speech rights; (3) discriminate against the viewpoints of out-of-state lawyers; (4) discriminate against a group of speakers; (5) constitute content-based speech discrimination; and (6) violate the freedom of association by compelling individuals to associate with the local bar. I dismissed all of these

11

claims in *Simandle*, and I will dismiss them again in this case. Because Plaintiff highlights a relevant change in content-based speech discrimination law, however, I will first address that claim in more depth.

> *1. The content-based speech discrimination analysis remains the same, despite the change in law.*

LFRA alleges that the Local Rules "constitute content discrimination in the same way the Arizona sign code was held to be content discrimination" in *Reed v. Town of Gilbert*, 576 U.S. 155 (2015).[7] Compl. ¶ 113.

Where a government entity regulates speech based on its content, such regulation is subject to strict scrutiny. *Reed*, 576 U.S. at 165. In *Simandle* and *Castille*, the Third Circuit partly relied upon the notion that content-based restrictions applied to so-called "professional speech" are entitled to a lesser tier of scrutiny. *See Castille*, 799 F.3d at 221 (quoting *King v. Governor of the State of N.J.*, 767 F.3d 216, 229 (3d Cir. 2014) (holding that bar admission rules are an "an exercise of Pennsylvania's 'broad power to establish standards for licensing practitioners and regulating the practice of professions'"); *Simandle*, 658 F. App'x at 135-36 (quoting *Castille*, 799 F.3d at 221). Plaintiff rightly points out, however, that the Supreme Court's decision in *National Institute of Family and Life Advocates v. Becerra* held that "professional speech" is not a separate speech category and therefore regulation of such speech requires courts to apply strict scrutiny. *See* 138 S. Ct. 2361, 2371-72 (2018) (finding error in the Third Circuit's decision in *King*).

---

[7] In *Reed*, the Supreme Court invalidated a town sign code that regulated three different types of signs differently. 576 U.S. at 159. The Complaint strains to explain how the facts of *Reed* are relevant to the current action, however, and I therefore address Plaintiff's content-based speech discrimination claim more generally.

This change of law does not change the result I reached in *Simandle*. In my prior review of the content-based speech discrimination claim, I did not rely on a lesser scrutiny for professional speech, but instead found that Local Civil Rule 101.1 did not discriminate on the basis of the content of any attorney's speech. *Simandle*, 2015 WL 13273313 at *8. Plaintiff again fails to explain how Local Rule 101.1 (or Local Civil Rule 83.5) constitutes content-based speech discrimination, and I will therefore dismiss the claim.

2. *The analysis for the remaining claims from* Simandle *is the same in this case.*

Plaintiff provides no basis on which to alter my prior findings on the remaining First Amendment issues from *Simandle*. The right to petition argument again fails because Plaintiff has not "shown any support for the argument that the right to petition protects an attorney's right to litigate on behalf of a client in a particular court." 2015 WL 13273313 at *10. The prior restraint argument fails because Plaintiff offers no basis for finding that the Local Rules give each court "unbridled discretion" to censor attorney speech, as the Rules set out clear guidelines for admission to each court's bar. *Id.* at *9. The viewpoint and speaker discrimination arguments fail because the Local Rules do not "discriminate on the basis of the viewpoint . . . or of the identity of the speaker." *Id.* at *8. And the compelled association argument fails because Plaintiff does not show that the local rule impermissibly imposes penalties because of out-of-state lawyers' membership in a "disfavored group," because the Local Rules "simply puts non-New Jersey [or Delaware] lawyers in the same position as non-lawyers. All must join the New Jersey [or Delaware] bar to gain general admission to the federal court's bar." *Id.* at *8-9.

I will therefore dismiss the remaining First Amendment claims in Count 2.

13

### E. Sixth Amendment

Count 3 asserts that the Local Rules "categorically disqualify licensed lawyers from 49 states" and therefore "trespass the Sixth Amendment right to counsel." Compl. ¶ 127. The Complaint is extremely cursory in setting forth this claim and fails to explain exactly why the rules violate the Sixth Amendment, and I could therefore dismiss this claim as inadequately pleaded. *See Fowler*, 578 F.3d at 210. But even reaching the merits, this claim quite clearly lacks any basis in law. Despite recent efforts to expand the right to counsel, the Sixth Amendment does not extend to civil actions, *Turner v. Rogers*, 564 U.S. 431, 441 (2011), and the challenged Local Rules govern admission of attorneys for civil actions. Even in a criminal action where the Sixth Amendment applies, the right to counsel belongs to a *defendant*, not the defendant's attorney. *See Texas v. Cobb*, 532 U.S. 162, 172 n.2 (2001) (noting that "[t]he Sixth Amendment right to counsel is personal to the defendant"). Plaintiff's members therefore lack the required injury to establish standing even to raise the Sixth Amendment claim. This claim will therefore be dismissed.

### F. Full Faith and Credit Act (28 U.S.C. § 1738)

Count 4 asserts that federal courts must recognize and honor a lawyer's out-of-state bar admission pursuant to the Full Faith and Credit Act, 28 U.S.C. § 1738. Under that statute, "Acts, records and judicial proceedings" from any "State, Territory, or Possession" are given full faith and credit "in every court within the United States." *Id.* Plaintiff claims that a state supreme court's decision to admit someone to the local bar represents an "act" and "record" of that state's supreme court, and federal courts must honor that determination. But a state's judgment that an individual should be admitted to its own bar establishes only eligibility in that jurisdiction pursuant to its rules. It does not follow an individual should automatically be entitled to bar admission in a different state or federal court. *See Giannini v. Real*, 911 F.2d 354, 360 (9th Cir. 1990)

14

("Giannini's claim [under the Full Faith and Credit Clause] lacks merit because no act, record or judicial proceeding, in New Jersey or Pennsylvania, states that Giannini is entitled to practice law in California"); *Simandle*, 658 F. App'x at 135 (affirming conclusion that Full Faith and Credit Act claim lacked merit). I will therefore dismiss this claim.

### G. Rules Enabling Act and Rulemaking Authority (28 U.S.C. §§ 2071, 2072)

Count 5 asserts that the Local Rules violate the Third Circuit Judicial Council's duty under 28 U.S.C. § 332(d)(4) to "periodically review" local rules prescribed by district courts within the Circuit to ensure their consistency with rules promulgated by the Supreme Court pursuant to the Rules Enabling Act, 28 U.S.C. § 2072. Count 7 makes a related and more straightforward argument that Local Rules violate the Rules Enabling Act's prohibition that court rules "shall not abridge, enlarge or modify any substantive right." *Id.*

I previously addressed this argument in *Simandle*, where I found that "even if the Rules Enabling Act permits Plaintiffs to challenge local district court rules, Plaintiffs have not plausibly alleged Local Rule 101.1 is an impermissible exercise of district courts' rule-making discretion." *Simandle*, 2015 WL 13273313 at *6; *see also NAAJMP v. Lynch*, 826 F.3d 191, 197 (4th Cir. 2016) (rejecting Rules Enabling Act claims). I will therefore dismiss both claims.

### H. Federal Rules of Civil Procedure 1 and 83

Count 6 asserts that the Local Rules violate Federal Rule of Civil Procedure 1 by preventing the "just, speedy, and inexpensive determination of every action and proceeding," and violate Rule 83(a)(1) because they are inconsistent with the Rules Enabling Act.

The Federal Rules of Civil Procedure do not create a private right of action, as the Defendants rightly point out in their Motion. *See In re Baldwin–United Corp.*, 770 F.2d 328, 335 (2d Cir. 1985); *Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F. Supp. 2d 444, 452 (D. Del. 2007).

Even if the Rules did create a substantive right, however, Plaintiff's claims fail on the merits. As noted in the previous section, Plaintiff's argument that the Local Rules somehow violate the Rules Enabling Act lacks merit. The Complaint also fails to make a coherent argument as to why the Local Rules prevent efficient resolution of civil actions in their respective courts. *See* Compl. ¶¶ 139-43 (making general complaints about the unfairness and inequity of non-reciprocal bar admissions). I will therefore dismiss this claim.

### I. Equal Protection and Privileges or Immunities Clause

Count 8 asserts that the Local Rules treat Plaintiff's members as second-class citizens[8] and therefore violate principles of equal protection under the Fifth and Fourteenth Amendments, and further argues that the Local Rules infringe upon the right to travel inherent to the Fourteenth Amendment's Privileges or Immunities Clause.[9]

The Equal Protection Clause of the Fourteenth Amendment prohibits the government from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. An equal protection claim asserted against a federal actor is properly treated as a claim under the Due Process Clause of the Fifth Amendment, which "forbids discrimination in

---

[8] Plaintiff's filings frequently compare the treatment of out-of-state lawyers to the discrimination faced by LGBTQ and Black Americans. The Complaint alleges, for example, that:
> *Pro hac vice* admission [for lawyers barred in other states] is no different than requiring Black people to stand in the rear of the bus, take a literacy test to vote, or requiring women to obtain their spouse's permission to undergo a medical procedure, or treating gay people as second-class citizens.

Compl. ¶ 141. This comparison is unconvincing at best and is more accurately described as disrespectful. Plaintiff's counsel has already been criticized by several other courts for making such comparisons, so I will not beleaguer this point. *See, e.g.*, *Simandle*, 658 F. App'x at 138 n.11; *Laws. United Inc. v. United States*, No. 1:19-CV-3222-RCL, 2020 WL 3498693, at *7 (D.D.C. June 29, 2020).

[9] Plaintiff characterizes this as "privileges and immunities" under the Fourteenth Amendment, but that amendment contains the Privileges <u>or</u> Immunities Clause.

a similar manner" as the Fourteenth Amendment. *Matter of Roberts*, 682 F.2d 105, 108 (3d Cir. 1982). If a law or rule neither burdens a fundamental right nor targets a suspect class, courts apply rational basis review and "will uphold it so long as it bears a rational relation to some legitimate end." *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (internal citations omitted). Assuming Plaintiff can assert a Privileges or Immunities Clause claim here,[10] the claim would be treated under the "same standard" as the equal protection claim. *Id.* at 213.

The Complaint neither argues that Local Rules burden a fundamental right for equal protection purposes nor target a suspect class, so I will apply rational basis review to the Local Rules.[11] Applying that standard, I can easily identify a legitimate rational basis for the limiting admission to those barred in the forum state. As I explained in *Simandle*, issues in a federal court frequently "turn on questions of state law from the district in which the court sits," 2015 WL 13273313 at *11, and the Third Circuit has recognized that "tying district court admission to state bar membership tends to protect the interests of the public." *Roberts*, 682 F.2d at 108. I will therefore dismiss the claims in Count 8.

---

[10] The breadth of protections conferred by the Privileges or Immunities Clause remains an open question since the Supreme Court reinvigorated the clause in *Saenz v. Roe*, 526 U.S. 489 (1999), but as part of the Fourteenth Amendment it likely applies only to state action. *See, e.g.*, *Willman v. Att'y Gen. of United States*, 972 F.3d 819, 825 (6th Cir. 2020) (stating that "[t]he Fourteenth Amendment's Privileges or Immunities Clause is a directive to states").

[11] To the extent that other parts of the Complaint suggest that the right to practice law is a "fundamental right" under *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274 (1985), that opinion dealt with fundamental rights in the context of Article IV, not equal protection – and the Third Circuit has previously held that "the right to practice law is not a fundamental right for the purposes of the Equal Protection Clause." *Tolchin v. Sup. Ct. of the State of N.J.*, 111 F.3d 1099, 1115 (3d Cir. 1997).

### J. Unconstitutional Conditions and Privileges and Immunities Clause

Count 9 asserts that the Local Rules impose "unconstitutional conditions," but almost the entirety of this Count discusses why the local rule impedes the fundamental right to practice law under the Privileges and Immunities Clause of Article IV, Section 2.

Assuming that this count primarily invokes Article IV, the Complaint fails to assert a valid claim. The federal government is simply not subject to scrutiny under the Privileges and Immunities Clause of Article IV. *See Pollack v. Duff*, 793 F.3d 34, 41 (D.C. Cir. 2015).

Even if claims under the clause could be asserted against the federal government, this claim still fails. As in *Simandle*, Plaintiff's argument here is that the local rule is unconstitutional under *Piper*, 470 U.S. at 288, which held that New Hampshire's rule limiting bar admission to state residents violated Article IV by treating resident and non-resident bar applicants differently. *Id.* at 287. Plaintiff makes a creative argument that the "*practical* effect of the Local Rules is to discriminate against out-of-state attorneys and create a *proxy* for preferential patronage for in-state attorneys." Compl. ¶ 169. Ultimately, however, the Local Rules are not based on residency, and are instead "based on whether an attorney is admitted to practice law in New Jersey." *Simandle*, 2015 WL 13273313. *Contrast Piper*, 470 U.S. at 275 (invalidating rules that "limit bar admission to state residents"). Plaintiff therefore fails to plead a claim under Article IV.[12]

---

[12] Even couched as unconstitutional conditions claim, this count still fails. Under that doctrine, the government may not condition access to a benefit on someone waiving a constitutional right. *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 606 (2013); *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). Plaintiff has failed to identify what right Plaintiff's members are forced to waive to access the benefit of appearing in court.

### K. Procedural Due Process

Finally, in Count 10, Plaintiff asserts several procedural due process claims under the Fifth Amendment. First, Plaintiff alleges that it is unable to have a fair hearing on its claims, because federal judges in each district have aligned themselves with forum state law on bar admissions through the Local Rules.[13] Second, Plaintiff claims that the Local Rules violate the due process rights of attorneys by leaving them "at the whim" of the forum state's bar licensure process, which generally does not allow for an appeal or petition to the forum state's courts. Third, Plaintiff asserts a confusing claim that the district courts should "have the burden of proof to establish by clear and compelling evidence that the original state of licensing order of admission was secured by fraud, mistake, or duress." Compl. ¶ 175.

Plaintiff asserts these claims with nothing but conclusory allegations, addressing each claim with just a single paragraph. As such, I will dismiss this count for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (noting that sufficiently pleading a claim "requires more than labels and conclusions").

## IV. Conclusion

For the reasons set forth above, I will grant Defendants' Motion to Dismiss. Based upon my prior analysis of these issues and a singular lack of success in similar actions nationwide, I deem amendment to be futile, *see Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005), and Plaintiff's Complaint will therefore be dismissed with prejudice. An appropriate order follows.

    /s/ Gerald Austin McHugh  
    United States District Judge

---

[13] This point appears moot, as this case was assigned outside of either district court to lessen any conflict-of-interest concerns.